| .CHEHARDY, Judge.
In this action for attorney malpractice, the trial judge maintained the defendant-
attorney’s exception of prescription and dismissed the plaintiffs claim. For the following reasons, we affirm.
On April 28, 1999, Michael Grunblatt (“Grunblatt”) hired Wiley Beevers (“Beev-ers”) to represent him in a domestic matter. On Wednesday, October 20, 1999, Grunblatt left a message at Beevers’ law office that he wanted to pick up his file because he was going to hire another attorney. On Friday, October 22, 1999, Grunblatt faxed a letter to Beevers indicating that he would pick up his file at 3:30 p.m. on that date. Grunblatt also demanded a refund of his retainer.
There is no dispute that Mike Grunblatt received a complete copy of his file on Friday, October 22, 1999. On a copy of the faxed letter from Grunblatt, there is a handwritten notation from an employee at Beevers’ law firm which reads, “Mike came in & picked up his files. We filed a Mot to w/d & Mot to continue.” Grunblatt also received a refund check for a portion of his retainer on that date.
On Monday, October 23, 2000, Grunblatt filed suit against Beevers alleging that Beevers did not perform the legal services that he was hired to perform and failed to refund the entirety of the retainer Grun-blatt paid for those services. He ^^specifically alleged that he was damaged because Beevers failed to appeal to an adverse judgment in the domestic matter in which he represented Grunblatt.
On January 24, 2001, Beevers filed a peremptory exception of prescription contending that Grunblatt’s action for malpractice was prescribed because Grun-blatt’s petition was filed more than one year from the date of the alleged malpractice. In his exception, Beevers asserted that, even though Grunblatt did not receive a copy of his file until October 22, 1999, his cause of action began to toll on *787 October 20, 1999, the date Grunblatt terminated Beevers.
On February 7, 2001, Grunblatt filed an opposition to Beevers’ exception contending that prescription began to run on October 22, 1999. Grunblatt contends that October 22, 1999 was the date that Grunblatt fired Beevers and, more importantly, that was the day that Grunblatt received a copy of his file and the earliest date that he could have discovered “the extent of Mr. Beevers’ mishandling of the case.” He also pointed to Beevers’ own notation that he filed a Motion to Withdraw as counsel of record in Grunblatt’s domestic matter on October 22,1999.
On March 5, 2001, the trial judge heard Beevers’ exception and found that Grun-blatt knew of a problem with Beevers’ handling of his domestic case on October 20, 1999, the day that he left a telephone message that Grunblatt was hiring another attorney. Based on that finding, the trial judge maintained Beevers’ exception of prescription and dismissed Grunblatt’s petition. Grunblatt appeals that ruling.
On appeal, Grunblatt argues that the trial court misapplied the law on prescription for attorney malpractice suits. He also argues that the trial court’s ruling was clearly erroneous in light of the facts on the record. Beevers responds that Grunblatt’s petition states that “Mr. Beev-ers did not do the legal work I paid for,” which indicates that he knew, even before October 20, 1999, that “an action |4for malpractice may have existed when he discharged [Beevers] on October 20, [1999].”
Actions for legal malpractice are governed by La. R.S. 9:5605, which provides in pertinent part:
A.No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred .... The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.
C. Notwithstanding any other law to the contrary, in all actions brought in this state against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional law corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, the prescriptive and per-emptive period shall be governed exclusively by this Section. [Emphasis added.]
*788 The cause of action for malpractice arises on the date on which the client first suffered actual and appreciable damage. Harvey v. Dixie Graphics, Inc., 593 So.2d 351, 354 (La.1992).
|fiIn this case, the date on which Grun-blatt first allegedly suffered actual and appreciable damage is the date that the delay for appealing his domestic matter expired. That date is not disclosed in the record but it is undisputed that the date was prior to October 20, 1999. It is clear from Grunblatt’s communications with Beevers that Grunblatt knew before October 20, 1999 that Beevers had not performed the legal work that he was hired to perform. In fact, Grunblatt’s petition indicates that he knew that the appeal delay ran during the time that Beevers represented him.
At the hearing on the exception, the trial judge found that Grunblatt terminated Beevers on October 20, 1999, which was the date that his malpractice action accrued. The date that Grunblatt terminated Beevers, however, is not dispositive of the date that Grunblatt’s action for malpractice accrued.
Under La. R.S. 9:5605, Grunblatt’s action accrued on the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. Here, although the date that the alleged act occurred or was discovered is not clear from the record, it is clear from the record that the date was before October 20, 1999, when Grunblatt notified Beevers that he wanted his file in order to hire another attorney. On October 23, 2000, when Grunblatt filed his malpractice suit against Beevers, prescription had already run on his action. Thus, the trial court correctly maintained Beevers’ exception of prescription in this matter. For the foregoing reasons, we affirm the trial court’s ruling. Costs are assessed equally to Grunblatt and Beevers.

AFFIRMED.